**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

One North Broadway, Suite 900

> Application granted as unopposed. The Court will separately docket the parties' proposed order.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        June 30, 2025

**VIA ECF**
Honorable Philip M. Halpern
United States District Judge
Southern Division of New York
300 Quarropas Street, Courtroom 520
White Plains, New York 10601

Re: *Thompson V. Apex Global Solutions, LLC*, No. 7:25-cv-05021

Dear Judge Halpern:

We represent Keia Thompson ("Plaintiff") in the above referenced matter. Pursuant to Section 2.C of the Court's Individual Rules, Plaintiff moves to consolidate actions pending in the Southern District of New York relating to the unauthorized access of Defendant Apex Global Solutions, LLC's ("Apex Global") network systems that occurred between June 18 and July 2, 2024 (the "Data Breach") and to appoint Todd S. Garber of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ("FBFG") and Jeff Ostrow of Kopelowitz Ostrow PA (collectively, "Proposed Interim Co-Lead Counsel") as Interim Co-Lead Class Counsel.

Currently, there are four cases pending in this district relating to the Data Breach. All of the Related Actions name Apex Global as a defendant:

(1) *Thompson v. Apex Global Solutions, LLC*, No. 7:25-cv-05021, filed on June 13, 2025;
(2) *Morrison v. Apex Global Solutions LLC*, No. 1:25-cv-05034, filed on June 16, 2025;
(3) *Williams v. Apex Global Solutions, LLC*, No. 7:25-cv-05040, filed on June 16, 2025;
(4) *Daly v. Apex Global Solutions, LLC*, No. 1:25-cv-05198, filed on June 22, 2025

(collectively, the "Related Actions"). Counsel for all parties have conferred and all parties agree to the requested consolidation. Plaintiffs in all Related Actions consent to the requested leadership appointments. Defendant takes no position with respect to the requested leadership appointments.

**Consolidation**

FRCP 42(a) states, "If actions before the court involve a common question of law or fact, the court may: . . . consolidate the actions. . . ." "The trial court has broad discretion to consolidate

actions under Rule 42(a), and cases may be consolidated even where certain defendants are named in only one of the complaints." *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008) (internal citations omitted). The Second Circuit Court of Appeals has noted that "courts have taken the view that considerations of judicial economy favor consolidation." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

The Related Actions share many common questions of law and fact. They all arise out of the same transaction or event—the Data Breach that exposed the personally identifiable information ("PII") and personal health information ("PHI") of patients—and each seeks to represent a nationwide class of persons affected by the Data Breach. Additionally, the Related Actions raise common theories of recovery, as each complaint brings a claim of negligence against Apex Global, argues Apex Global violated its duty to protect the PII/PHI it collects and stores, and alleges Apex Global owes damages to those affected by the Data Breach. Most of the Related Action[1] also share additional claims with other Related Actions, including claims for unjust enrichment, negligence per se, breach of contract, breach of fiduciary duty, and/or violation of New York General Business Law § 349. As every Related Action brings claims also present in other Related Actions, all will necessarily raise similar questions of law. Each of the Related Actions will also raise similar questions of fact because they all arise out of the same core nucleus of operative facts.

Consolidation will serve the goals of judicial efficiency and avoidance of inconsistent verdicts by eliminating duplicative and overlapping litigation. Upon consolidation, the Court will be able to address the factual and legal issues raised in the Related Actions in one proceeding rather than four, streamlining the resolution of each case. *See Nomura Sec. Int'l, Inc. v. E*Trade Sec.*,

---

[1] *Daly v. Apex Global Solutions, LLC*, No. 1:25-cv-05198 brings one claim for negligence.

*Inc.*, 280 F. Supp. 2d 184, 204 (S.D.N.Y. 2003) ("[P]arallel litigation of essentially the same fraud claim in two separate actions threatens not only wasteful duplication of effort, but also the prospect of inconsistent adjudications."). Consolidating the Related Actions also precludes the possibility that the Related Actions may result in inconsistent verdicts. Consolidating the Related Actions will conserve judicial resources and ensure that there are no inconsistent results. Courts consistently find that overlapping data breach class actions are particularly appropriate for consolidation.[2] There is no reason to reach a different conclusion here. Consolidation of the Related Actions pursuant to FRCP 42(a) is warranted.

## **Leadership**

Plaintiff also requests that the Court appoint Todd S. Garber of FBFG and Jeff Ostrow of Kopelowitz Ostrow PA as Interim Co-Lead Class Counsel. Early appointments are especially beneficial in complex cases because they help to "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual for Complex Litigation,* (Fourth) § 21.11 (2004), § 21.11. Rule 23(g) lists four factors courts should consider when selecting class counsel:

(i)  the work counsel has done in identifying or investigating potential claims in the action;

---

[2] *See, e.g., Cook v. Legends Int'l, LLC,* 2025 U.S. Dist. LEXIS 118950, *2 (S.D.N.Y. Jun. 18, 2025) (granting motion to consolidate data breach cases that "assert some of the same issues of fact and law, grow out of the same alleged data breach …, have many of the same claims, and have proposed class definitions that will encompass the same persons"); *Rubenstein v. Scripps Health*, No. 21cv1135-GPC(MSB), 2021 U.S. Dist. LEXIS 192182, at *4 (S.D. Cal. Oct. 5, 2021) (granting motion to consolidate data breach cases that "involve the same underlying facts and substantially similar questions of law"); *Kaplan v. 21st Century Oncology Holdings*, No. 2:16-cv-210-FtM-99MRM, 2016 U.S. Dist. LEXIS 105791, at *13 (M.D. Fla. July 21, 2016) ("[I]t is clear that common questions of law and fact permeate these cases [because] . . . all of the cases appear to arise from the same alleged data breach.").

      (ii)     counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the class action;
      (iii)    counsel's knowledge of the applicable law; and
      (iv)    the resources that counsel will commit to representing the class.  Fed. R. Civ. P. 23(g)(1)(a).

Analysis of the Rule 23(g) factors demonstrates that Todd S. Garber and Jeff Ostrow are supremely qualified to serve as Interim Co-Lead Counsel due to their extensive experience in this area of law and dedication to pursuing this litigation and any litigation in which they are involved. Todd Garber and his firm have successfully represented data breach victims in numerous class actions litigated throughout the county, have spoken about data breach litigation on numerous panels, have given multiple CLEs on data breach litigation.[3]  Jeff Ostrow and his firm have achieved numerous settlements recognized as quality work by courts across the land.[4]  Proposed

---

[3] *See, e.g., Chabak v. Somnia Inc.*, No. 22-9341, 2023 U.S. Dist. LEXIS 15538, *5 (S.D.N.Y. Jan. 30, 2023) (appointing FBFG Interim Co-Lead Counsel in medical data breach class action); *Sackin v. Transperfect Global, Inc.,* No. 17-1469 (S.D.N.Y.) (appointing FBFG class counsel, denying the defendant's motion to dismiss and approving $40 million class action settlement in data breach case); *Hamlen v. Gateway Energy Services Corp.*, No. 16-03526 (S.D.N.Y.) (granting final approval of settlement valued at $12 million for the defendant's overcharging consumers for natural gas); *Wise v. Energy Plus Holdings, LLC*, No. 11-7345 (S.D.N.Y.) (appointing FBFG as lead class counsel in class action alleging that Energy Plus falsely claimed to offer competitive electricity rates when its prices were substantially higher than market rates in violation of New York Gen. Bus. L. § 349 and other consumer protection laws, and approving a settlement valued at over $11 million); *Saint Joseph Health System Medical Information Cases*, JCCP No. 4716 (Cal. Sup.Ct.) (co-lead class counsel in consolidated data breach class action in which court approved settlement on the eve of trial valued at $39 million); *Coleman v. Boys Town Nat'l Research Hosp.*, No. D01CI180008162 (Neb. Dist. Ct.) (lead counsel in data breach class action in which court approved a settlement valued at over $42 million).

[4] Mr. Ostrow is counsel of record in more than 200 pending data breach cases. He is currently Lead Counsel in MDL-3090, *In re Fortra File Transfer Software Data Sec. Breach Litig.*, No. 24-md-3090 (S.D. Fla.), which involves 10 defendants and 6 million people. Additional examples of other cases in which he serves as Lead Counsel include: *Crowe v. Managed Care of N. Am., Inc.*, No. 23-cv-61065 (S.D. Fla.), affecting eight million individuals; *In re Zeroed-In Techs., LLC Data Breach Litig.*, No. 1:23-cv-03284-BAH (D. Md.), affecting two million individuals, *Harrell v. WebTPA Employer Servs. LLC*, No. 3:24-cv-01160 (N.D. Tex.), affecting 2.5 million individuals; *Stallone v. Fin. Bus. & Consumer Sols., Inc.*, No. 2:24-cv-01876 (E.D. Pa.), affecting almost two million individuals; *Gambino v. Berry, Dunn, Mcneil & Parker LLC*, 2:24-cv-146 (D. Me.),

Interim Co-Lead Counsel have a wealth of knowledge regarding the applicable law in this case. They have heavily litigated, conducted significant discovery, and briefed nearly every aspect of privacy class cases. They have extensively litigated and overcome issues involving standing, statutory claims, class certification, and damage models; devised injunctive relief programs in numerous data breach, data disclosure, and privacy cases; and established groundbreaking precedent.

Proposed Interim Co-Lead Counsel, and their respective firms, have thoroughly investigated this case and will diligently prosecute it. They, and their firms, have devoted substantial time to investigating the background facts and drafting detailed petitions. Proposed Interim Co-Lead Counsel and their colleagues are hard-working, organized, and effective. They have taken many cases from inception to conclusion, and will do so here. Their firms possess the resources and manpower required to vigorously prosecute this litigation. They are committed to pursuing the best interests of all plaintiffs and the putative class in an effective and efficient manner.

Should the Court request additional briefing on this matter, Proposed Interim Co-Lead Counsel are prepared to provide additional details relating to these factors. Proposed Interim Co-Lead Counsel are ideal to represent the putative class here and are prepared to work diligently in this matter.

---

affecting 1.1 million individuals; *Mclean v. Signature Performance, Inc.*, No. 8:24-cv-230 (D. Neb.), affecting at least 106,540 patients; *Wilson v. Frontier Comm'ns Parent, Inc.*, No. 3:23-CV-01418-L (N.D. Tex.), affecting at least 750,000 individuals; *Flores v. S. Tex. Oncology & Hematology, PLLC*, No. 2024CI13299 (Tex. Dist. Ct., Bexar Cty.), affecting 176,303 patients; *In re HealthEquity, Inc. Data Sec. Incident Litig.*, No. 2:24-cv-528 (D. Utah), affecting 4.3 million patients; *Griffiths v. Kootenai Health, Inc.*, No. 2:24-cv-205 (D. Idaho), affecting 827,149 patients, and *Butler v. Acadian Ambulance Serv., Inc.*, No. 6:24-cv-01011 (W.D. La.), affecting 3 million patients.

Dated: June 27, 2025	Respectfully submitted,

*/s/Todd S. Garber*
Todd S. Garber
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 298-3281
tgarber@fbfglaw.com

*Counsel for Plaintiff Keia Thompson and the Putative Class*